JOHN J. SHEEHAN, Appellant, *v.* MOORE & McCORMACK CO., INC., and Others, Respondents.

First Department, February 4, 1927.

Corporations — representative action against directors and defendant company as manager for plaintiff's corporation — evidence supports finding that charge made by defendant company against plaintiff's corporation was proper, and that no fraud was committed by defendants — plaintiff not required to accept figures from books of managing company as final, nor to examine extensively in reference to expenditures in order to procure interlocutory judgment for accounting — under circumstances accounting should be directed against defendant company — managerial contract not canceled.

This is a representative stockholders' action against the directors of their corporation and another company, which held a managerial contract with the plaintiff's corporation, to compel an accounting and to cancel and annul the managerial contract. Some of the individual defendants were officers of the plaintiff's corporation, and also officers of the defendant company. The finding by the court that a charge made against the plaintiff's corporation, arising out of the purchase of two steamships, was proper and that none of the defendants was guilty of fraud, is supported by the evidence.

However, there is evidence to show that improper charges were made by the managing company against plaintiff's corporation and that said company failed to give certain credits to plaintiff's corporation.

Under the circumstances disclosed, and in view of the interlocking relationship of the individual defendants and the fact that the defendant company has not rendered an account as required by its contract, an interlocutory judgment for an accounting is directed.

The plaintiff was not required to accept the figures from the books of the managing company as final, nor was he required, in order to procure an interlocutory judgment, to cross-examine fully with respect to those figures. The plaintiff had the right to reserve such examination until the accounting. Since the facts were not fully developed on the trial, the Appellate Division is not in a position to enter a correct and proper judgment.

Upon the facts disclosed in the record there is no warrant for decreeing a cancellation of the managerial contract.

APPEAL by the plaintiff, John J. Sheehan, from a judgment of the Supreme Court in favor of the defendants, entered in the

office of the clerk of the county of New York on the 26th day of September, 1925, upon the decision of the court rendered after a trial at the New York Special Term.

*John J. Kuhn* of counsel [*Oeland & Kuhn,* attorneys], for the appellant.

*Melville J. France,* for the respondents.

O'MALLEY, J.    This is a suit in equity instituted by plaintiff in behalf of himself and all other stockholders of the Honolulu Steamship Company, Ltd., similarly situated, to require the corporate defendant, the Moore & McCormack Co., Inc., to account in respect to its dealings and transactions as general and fiscal agent and manager of the Honolulu Company, and to cancel and annul a so-called " managerial contract." The action also seeks to require the individual defendants to pay over certain moneys to the Honolulu Company and to account for moneys improperly drawn as salaries.

By the " managerial contract " the defendant Moore & McCormack Company was constituted the agent of the Honolulu Company for a term of ten years, which time has not as yet expired. Before the action was brought plaintiff requested the Honolulu Company to bring suit, but its board of directors by a divided vote refused to comply. The Honolulu Company was, therefore, made a party defendant, but has defaulted in answering, with the consent of all parties.

The defendant Moore & McCormack Company is owned and controlled by the individual defendants Moore and McCormack, Moore being its president and McCormack its treasurer. The defendant Molloy is its secretary and attorney. The defendants Moore, McCormack and Molloy are also interested in the Honolulu Company. They own one-half of its capital stock and are among its officers and directors, Moore being its treasurer, McCormack its vice-president, and Molloy its secretary. Plaintiff and the other stockholders on behalf of whom suit is brought own substantially the other half of the stock of the Honolulu Company.

The Moore & McCormack Company conducts a ship brokerage business. In addition to representing the Honolulu Company it also represented the Osage Steamship Company. As such agent it negotiated the purchase from the United States government of the steamship *Honolulu* for the Honolulu Company, and of the steamship *Osage* for the Osage Company. Plaintiff's chief contention upon the trial was that a final payment of $95,000 made in connection with the purchase of these vessels was improperly charged to the account of the Honolulu Company, and that such sum should have been equally divided, or at least apportioned,

between the latter company and the Osage Company. In the view we take of the evidence, however, it is unnecessary to state in detail the facts respecting these transactions. We are of opinion that the court was fully justified in finding that the whole of this payment was properly charged to the Honolulu Company. The finding that there was no fraud in connection with this transaction and even no mistake, and the further finding that there was no fraud on the part of the defendants in any particular, were fully supported by the evidence. In fact, on the argument, this finding of absence of fraud was conceded by appellant's counsel to have been proper.

While the plaintiff thus failed to establish fraud, and has, therefore, been obliged to abandon the gravamen of his action as originally framed, there is evidence tending to show that improper charges have been made by the Moore & McCormack Company against the Honolulu Company, and that there was failure to give certain credits to which it was properly entitled. While some of these errors were corrected before the trial and other errors conceded on the trial, there remained at the close of the trial other items in dispute. One was an item of interest claimed to be due the Honolulu Company because of the unauthorized salaries withdrawn by the officers of the Moore & McCormack Company, as officers of the Honolulu Company. An accountant called on behalf of the Moore & McCormack Company testified that no allowance had been made for such interest. While the same witness testified to the balance due to the Moore & McCormack Company after all corrections and proper credits had been made, his figures were taken from the books of the Moore & McCormack Company. But plaintiff was not bound to accept these figures as final or conclusive, nor was his counsel required, on the trial of the action which was for the purpose only of securing an interlocutory decree, to cross-examine fully with respect to these figures. He had a right to reserve such examination until the accounting and then to inquire fully into these various figures given by the accountant, and in connection therewith the book entries upon which they were based. It is impossible, therefore, to determine on the state of the record the exact status of the account between the parties. We are not in a position, therefore, as suggested on the argument, to enter a correct and proper judgment here.

Because of the foregoing and also because of other special circumstances shown, we are of opinion that there was sufficient before the court to warrant an interlocutory decree. The defendant Moore & McCormack Company was in complete charge of the finances of the Honolulu Company. Under the managerial contract

the Moore & McCormack Company was required to keep proper books of account and to account at least semi-annually. Although there is absence of direct proof that such accounts were not given, it is a fair inference that if they were not, such a failure was due to the neglect of those who were, at the same time, officers of both corporations. As officers of the Moore & McCormack Company, it was the duty of the individual defendants to render such accounts, and as officers of the Honolulu Company, to demand them. If, on the other hand, such accounts were given, it is also fairly to be inferred that they were improper, because they would have been based upon books admittedly erroneously kept. In either view, the Honolulu Company has not received proper account. To this it was plainly entitled under the "managerial contract."

Other special circumstances appearing are that there was an interlocking set of officers and directors in the two corporations; that there was kept no separate set of books for the Honolulu Company, all accounts of which were kept in the books of its manager, the Moore & McCormack Company; and that the stock of the Honolulu Company is evenly divided between conflicting interests. Because of these special circumstances we deem it proper to hold that the Honolulu Company, which has defaulted, would be entitled to have an accounting at this time in order that a proper balance between principal and agent may be struck. The plaintiff is a stockholder of the Honolulu Company and has shown demand on such company that it require an accounting, and has shown in addition its refusal to enforce its rights. We think, therefore, that the plaintiff has established his cause of action and that there should be an interlocutory decree for an accounting.

With respect to the scope thereof, we are of opinion, as already appears, that the item of $95,000, representing the final payment on account of the steamship *Honolulu* and the item of the Svenska Lloyd stock transaction were properly debited against the Honolulu Company. These items, therefore, will in no way be involved in the accounting. We are satisfied also that the Honolulu Company is entitled to interest on account of the unauthorized salary withdrawals and to the benefit of any interest adjustments resulting from such charge of salaries or because of the failure of the Moore & McCormack Company to properly give credit to the Honolulu Company in such other sums and at such times as said company was entitled thereto and for any other charges improperly made against such company. With respect to these and all of the items of the account, except as herein indicated, the amounts thereof are to be fixed upon the accounting.

Upon the facts here disclosed we find no warrant for decreeing a cancellation of the managerial contract.

The judgment should, therefore, be reversed, with costs, and an interlocutory judgment entered directing an accounting before a referee to be appointed by the order to be entered hereon. .

Dowling, P. J., Merrell, Martin and Proskauer, JJ., concur.

Judgment reversed, with costs, and an interlocutory judgment ordered directing an accounting before a referee to be appointed by the order to be entered hereon.   Settle order on notice.